[No. 52832-7-I.  Division One.  September 20, 2004.]

*In the Matter of the Dependency of* H.W., ET AL.

THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent,*
v. BRENDA BROOKS, *Petitioner.*

*Linda Lillevik* and *Christine A. Jackson* (of *The Defender Association*), for petitioner.

*Christine O. Gregoire, Attorney General,* and *Katherine M. Tassi* and *Mary Ann Comiskey, Assistants,* for respondent.

BECKER, J. — Appellant Brenda Brooks sought to be reunified with her dependent son, who now lives with relatives. At a permanency planning hearing, the court denied Brooks' request to present the oral testimony of three expert witnesses who believed she was capable of parenting her son, and ordered that guardianship by the relatives would be the permanent plan. In view of the due process guarantees applicable in dependency proceedings, we conclude the court abused its discretion. We reverse and remand for a new hearing.

Brenda Brooks is the mother of three children subject to this dependency proceeding. The focus of this appeal is the youngest, Harold, born in 1993. The court entered an agreed order of dependency in December 1997. The concern was substance abuse by Brooks and her related inability to provide for the children's physical and emotional needs. Brooks also has a developmental disability, literacy issues, and difficulty managing her finances.[1]

The children lived with relatives for an extended period of time while Brooks completed drug treatment and received other services. By the end of 1999 they were living with Brooks again. She had a protective payee and she actively utilized other services provided by the Department.

The court placed the children with relatives again in March 2001, when Brooks reported a relapse into drug

---

[1] Clerk's Papers at 78.

use.[2] Since then, the two older children have lived with relatives in California. Harold, the youngest, has lived in Seattle with his paternal aunt and uncle, while maintaining a relationship with Brooks through regular visits.

Harold's aunt and uncle moved from Seattle to Wichita, Kansas in June 2003. Brooks agreed to have Harold spend the summer in Wichita while maintaining her position that Harold should eventually be returned to her care. The court entered an agreed order permitting Harold to go to Wichita with his aunt and uncle for summer vacation. Harold was to return to Washington on August 8, 2003.[3]

While Harold was in Kansas, the matter came before the court for a permanency planning hearing.[4] The Department of Social and Health Services (Department) proposed that the court approve a permanent plan for Harold of a dependency guardianship with his aunt and uncle.[5] This arrangement would provide permanency for Harold while allowing him to continue a relationship with Brooks; however, his visits with Brooks would be far less frequent due to the distance between Wichita and Seattle.

Brooks submitted a written request asking the court to plan instead to return Harold to her home.[6] She sought permission to present oral testimony at the hearing from three witnesses, according to procedures established in a local King County court rule, LJuCR 3.9(c)(5)(D). One witness was her case manager from the Department of Developmental Disabilities, who had frequent contact with Brooks and had supervised numerous recent visits between Brooks and her son. Another was her social worker from The Defender Association, who had the longest involvement

---

[2] Clerk's Papers at 82.

[3] Clerk's Papers at 116.

[4] The permanency planning hearing was originally scheduled for June 16, 2003, but was continued until July 25. Clerk's Papers at 140.

[5] Clerk's Papers at 67.

[6] Clerk's Papers at 374.

with the family of any outside observer. The third was a professional mental health counselor who had been seeing Brooks on a regular basis. These witnesses proposed to testify to Brooks' ability to provide for the needs of Harold, the quality of her interactions with him and her commitment to sobriety. Brooks' motion stated:

> The three witnesses, together, will be able to present to the Court and all other parties, a more developed, thoughtful analysis of the mother's parental deficiencies, ways in which she has remedied these deficiencies and the impact it has had on her parenting abilities. This information is valuable and has not been presented to the Court adequately through reports by the Department nor has it been provided to the parties through discovery.[7]

The Department opposed Brooks' request for oral testimony on the basis that she had failed to demonstrate, as required by the local rule, that "extraordinary features" of the case warranted the presentation of oral testimony. LJuCR 3.9(c)(5)(D). The court agreed, and concluded the evidence Brooks wished to present could be adequately provided by affidavit or declarations. The court denied Brooks' motion for oral testimony in an order dated July 18.[8]

Brooks renewed her request for oral testimony at the July 25 hearing.[9] She relied on RCW 13.34.090(1) which provides that a party to a dependency has a right to introduce evidence, to be heard, and to examine witnesses in "all proceedings."[10]

---

[7] Clerk's Papers at 366-67, Mot. for oral Test.

[8] Clerk's Papers at 142.

[9] Verbatim Report of Proceedings (July 25, 2003) at 5.

[10] "Any party has a right to be represented by an attorney in all proceedings under this chapter, to introduce evidence, to be heard in his or her own behalf, to examine witnesses, to receive a decision based solely on the evidence adduced at the hearing, and to an unbiased fact-finder." RCW 13.34.090(1).

The court again refused to hear oral testimony from the witnesses, finding it would add "nothing significant."[11] The court then continued the permanency planning hearing until August 15, and appointed counsel to represent 10-year-old Harold.

At the August permanency planning hearing, the Department expressed concern that Brooks would not be able to meet Harold's needs as sole caregiver without a network of supporters, and was too dependent on her case manager from the Department of Developmental Disabilities. The Department also expressed concern over Brooks' continued involvement with Harold's father. Harold's father has a history of drug addiction, and has not participated in the treatment services offered by the Department. The Department also suspected him of abusive behavior towards Brooks.

Counsel for Harold reported that he had recently spoken with the boy, and that Harold said he wanted to stay with his aunt and uncle in Wichita. Harold also reportedly said he wanted to maintain contact with his mother through visits and telephone calls, but he did not want to go back and live with her until she "straightened things out."[12]

After hearing argument, the court signed an order ratifying the Department's proposed primary plan of dependency guardianship for Harold, with long-term relative care as an alternative. "There is sufficient evidence here for me to be concerned as to whether or not this mother can actually parent this child without significant assistance."[13]

Brooks appealed to this court. While the matter was pending, the Department filed a dependency guardianship petition.[14] We granted discretionary review of the order

---

[11] Verbatim Report of Proceedings (July 25, 2003) at 14. *See also* Clerk's Papers at 144 (Order of July 25, 2003, denying motion for oral testimony pursuant to local rule because "there is no significant reason presented").

[12] Verbatim Report of Proceedings (Aug. 15, 2003) at 8; Clerk's Papers at 434.

[13] Verbatim Report of Proceedings (Aug. 15, 2003) at 25.

[14] Clerk's Papers at 437.

denying her request for oral testimony, and we stayed the trial on the guardianship petition pending our decision. The issue on appeal is whether the court abused its discretion when it refused to allow Brooks to call witnesses before rejecting her request to plan for Harold to return to her home.

The Department contends that Brooks' appearance through counsel was adequate under the statute, citing *In re Dependency of J.W.*, 90 Wn. App. 417, 953 P.2d 104 (1998). In that case, we considered whether the trial court violated an incarcerated father's due process rights by entering an order terminating his parental rights without assuring his presence at the hearing. At the time, the father was serving a 75-year sentence for rape and other serious offenses. He had no relationship with his young daughter. We held that the father's appearance through his attorney was adequate because the issues at the hearing were purely legal and there were no facts in dispute. *Dependency of J.W.*, 90 Wn. App. at 428. Here, there is a factual dispute as to whether Brooks will be able to adequately provide care for Harold.

The local King County rule that the Department relies on provides that the court will hear oral testimony only after the party wishing to present it files a properly supported motion and obtains approval from the court. Under the rule, the moving party must demonstrate the "extraordinary features" of the case. LJuCR 3.9(c)(5)(D). Brooks contends the court's application of the local rule diminished the right to due process granted to her by RCW 13.34.090.

In a companion case heard and decided along with this case, the trial court refused to hear live testimony offered to impeach the credibility of the caseworker who was recommending against placement of children with their father. We held this was an abuse of discretion and that the local rule, notwithstanding its important practical function, cannot be given effect unless it is harmonized with RCW 13.34.090(1). *In re Dependency of R.L.*, 123 Wn. App. 215, 222, 98 P.3d 75 (2004).

The present case presents a similar instance of a court applying the local rule too rigidly in the interest of efficiency and expeditious review of the Department's recommendations. The rule itself appropriately identifies several factors indicating when oral testimony is appropriate, including situations where there are "particularly complex circumstances requiring expert testimony." LJuCR 3.9(c)(5)(D). Brooks had deficiencies as a parent, but according to her expert witnesses, she had worked hard to overcome them. She had a strong bond with her son. Their contacts had been regular and affectionate. Her three witnesses would have addressed the primary concern of the Department, namely that Brooks was unable to be an adequate parent without significant assistance. When the local rule is liberally construed, as it must be to harmonize with RCW 13.34.090(1), these circumstances easily fit within the exception for "particularly complex circumstances requiring expert testimony." The witnesses had recent, substantive firsthand knowledge about Brooks' ability to parent. They were in a position to summarize and provide perspective and context. Oral presentations of this nature have more flexibility than written submissions and can be essential to due process, especially when—as here—the written submissions include lengthy entries by different caseworkers dating back for years.

We conclude that the trial court abused its discretion by denying Brooks the opportunity to present oral testimony. Brooks is entitled to a new hearing where she can support her position in the permanency planning process through the testimony of her witnesses.

The permanency planning order of August 15, 2003 is vacated, the stay is lifted, and the matter is remanded for a new permanency planning hearing at which Brooks is allowed to call her witnesses. The new permanency plan-

ning hearing is to be held before the court may take any action on the guardianship petition.

Vacated and remanded.

BAKER and AGID, JJ., concur.